UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 18-59724-JWC |
| LAKWESSIA QUIAN FALLIN aka ) | |
| LAKEISHA FALLIN, ) | CHAPTER 13 |
| ) | |
| Debtor. ) | |
| ) | |
| LAKWESSIA QUIAN FALLIN aka ) | |
| LAKEISHA FALLIN, ) | |
| ) | |
| Movant, ) | |
| ) | **CONTESTED MATTER** |
| v. ) | |
| ) | |
| E R TRUCKING aka E.R. TRUCK & ) | |
| EQUIPMENT CORPORATION, ) | |
| | |
| Respondent. | |

**COMPLAINT FOR TURNOVER AND MOTION FOR SANCTIONS
FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. SECTION 362**

COMES NOW THE DEBTOR in the above-styled Chapter 13 case, by and through counsel, and files this "Complaint for Turnover and Motion for Sanctions for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. Section 362", showing to this Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 151, and 28 U.S.C. Section 157.

2.

This Court is the proper venue for this matter pursuant to 28 USC Section 1409.

3.

This matter is a core proceeding within the contemplation of 28 U.S.C. Section 157.

Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code June 11, 2018 and is eligible for relief under 11 U.S.C. §109.

5.

This motion is brought pursuant to 11 U.S.C. Section 362(a) and (k)(1)); 11 U.S.C. Section 105(a); and, Rule 9014 F. R. Bankr. P.

6.

Upon information and belief, E.R. Trucking and Equipment Corporation is a Florida Corporation and can be served via its Registered Agent and CEO via first class mail, to-wit:

> Ernesto Raschio, Registered Agent
> 11222 NW 78 Ln
> Medley FL 33178
>
> Bruno Raschio, President
> 12360 NW S River Drive
> Medley FL 33178

7.

Debtor, an individual, filed the instant Chapter 13 case on June 11, 2018 in an effort to retain her 2008 CX613 Mack Dumptruck from E.R. Trucking & Equipment Corporation, and to satisfy other debts and creditors. Based on reliable information and belief, the truck was repossessed post-petition on June 27, 2018 at 11:05 PM.  Video surveillance from a nearby business evidences an individual, not the Debtor, approaching the dumptruck, getting inside of the vehicle and driving away with the vehicle.

8.

On or about June 28, 2018 Debtor notified Stanton & Worthy, LLC and Debtor's Attorney informed Respondent E.R. Trucking and Equipment Corporation, via telephone, that Debtor had filed the instant case.  A representative of E.R. Trucking & Equipment Corporation

Bruno Raschio, President have both refused to turn over the 2008 CX613 Mack Dumptruck to Debtor, and acknowledged that Debtor is in a current bankruptcy. Again, on July 5, 2018 in an effort to resolve this matter, Debtor's Attorney called and spoke with Bruno Raschio. At that time, Bruno Raschio acknowledged that Debtor is in a bankruptcy and refused to release the vehicle. Furthermore, Bruno Raschio advised that the vehicle has since been moved across state lines to Miami, Florida and that without proof of insurance or the Debtor coming to pick it up, it would not be released. Debtor has valid insurance on the vehicle, which the Respondent admittedly has not attempted to verify. Also, this is further evidenced by the fact that the vehicle was released during the resolution of this same matter during debtor's previous Chapter 13 case. It must be pointed out that Debtor's last case was unsuccessful because of the extensive time she was without the vehicle and due to the expenses that she incurred. Debtor was unable to work and generate income from her trucking business without possession of the dumptruck. Lastly, due to Respondent's actions and verbal communications, it is clear that Respondent still refuses to return the vehicle for reasons that are not based in law. Respondent is fully aware of its obligations under the Chapter 13 Bankruptcy, specifically due to the fact that this was the same course of behavior they engaged in during Debtor's previous Chapter 13 Case (Case No. 18-54798).

9.

Respondent's knowledge of the Debtor's instant Chapter 13 case and blatant refusal to release the vehicle constitutes and demonstrates a willful and knowing violation of the Automatic Stay of 11 U.S.C. Section 362 (a).

Debtor has been harmed by Respondent's continuous violation of the Automatic Stay. Specifically, Debtor has maintained insurance of approximately $1,000.00 monthly on a vehicle that she has again been unable to use to run her business and generate income. Rather, she has incurred extensive expenses, time, and loss of income due to Respondent's actions. Debtor has done her best to effectuate her reorganization Chapter 13 case, and has secured other employment as well to show her good faith efforts in maintaining her Chapter 13 case. Pursuant to 11 U.S.C. Section 362 (k), Debtor is entitled to damages, including attorney's fees, arising out of the Respondent's knowledge and willful violation of the Automatic Stay of 11 U.S.C. Section 362 (a).

11.

Pursuant to 11 U.S.C. Section 362 (h), punitive damages should be awarded against the Respondent for its continuing, willful and knowing violation of the Automatic Stay in this case.

12.

The Automatic Stay of 11 U.S.C. Section 362 (a) should be enforced against Respondents and they should be directed to immediately release the hold on Debtor Lakwessia Q. Fallin's vehicle and release the vehicle to Debtor.

WHEREFORE, Debtor prays:

(a) That this Motion be filed, read, and considered;

(b) That this Honorable Court grant this Motion;

(c) That this Honorable Court hold hearing on the issues set forth herein;

(d) That Respondent be held in contempt for willful violation of the automatic stay;

(e) That Respondent be responsible for any and all expenses associated with the return of the vehicle to Debtor's possession, including but not limited to damages to the vehicle;

(f) That Debtor be awarded damages, including but not limited to actual damages incurred and attorney's fees and costs from Respondent in the amount of $2,500.00;

(g) That Debtor be awarded punitive damages from Respondent in the amount of $2,000.00 to deter them from continuing to engage in the same course of willful conduct in the future;

(h) And that Honorable Court grant such further relief as it may deem just and proper.

Dated July 10, 2018    Respectfully submitted,

/s/Shannon C. Worthy
Shannon C. Worthy
GA Bar No.733895
Attorney for Debtor
Stanton & Worthy, LLC
547 Ponce De Leon Avenue, Suite 150
Atlanta, GA 30324
(404) 800-6415
Shannon.worthy@stantonandworthy.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 18-59724-JWC |
| LAKWESSIA QUIAN FALLIN aka | ) | |
| LAKEISHA FALLIN, | ) | CHAPTER 13 |
| Debtor. | ) | |
| | ) | |
| LAKWESSIA QUIAN FALLIN aka | ) | |
| LAKEISHA FALLIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| E R TRUCKINGG aka E.R. TRUCK & | ) | |
| EQUIPMENT CORPORATION, | ) | |
| Respondent. | | |

**CERTIFICATE OF SERVICE**

This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the following parties with a copy of the attached pleadings by placing true copies of same in the United States Mail with adequate postage affixed to insure delivery, addressed to:

Nancy J. Whaley
Chapter 13 Trustee
303 Peachtree Center Ave, Suite 120
Atlanta, Georgia 30303

Lakwessia Q. Fallin
PO Box 490623
Atlanta GA 30349

E.R. Truck & Equipment Corporation
12360 NW S River Drive
Medley, FL 33178

Ernesto Raschio, Registered Agent
11222 NW 78 Ln
Medley FL 33178
(via certified mail)

Bruno Raschio, President
12360 NW S River Drive
Medley FL 33178
(via certified mail)

Franco Raschio, President
12360 NW S River Drive
Medley FL 33178
(via certified mail)

Dated July 10, 2018                Respectfully submitted,

/s/Shannon C. Worthy
Shannon C. Worthy
GA Bar No.733895
Attorney for Debtor
Stanton & Worthy, LLC
547 Ponce De Leon Avenue, Suite 150
Atlanta, GA 30324
(405) 800-6415

Shannon.worthy@stantonandworthy.com